IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-106-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| NIQUE KEON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an investigator with the Wake County Sheriff's Office assigned to a Task Force of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 28 March 2012 with: possession of a stolen firearm (*i.e.*, a 9 mm pistol ("subject pistol")) in violation of 18 U.S.C. § 922(j) and 924 (ct. 1); and possession of a firearm, the subject pistol, with an obliterated serial number in

violation of 18 U.S.C. § 922(k) and 924 (ct. 2). The alleged offense date in each count is 14 September 2011.

The evidence presented at the hearing showed that the charges arise from defendant's failed attempt around 11:30 p.m. on the offense date to commit an armed robbery of a store in north Raleigh. He approached the store from the rear and then went to the front to determine the number of people inside, only to discover that it was closed. At some point, he set off the store's burglary alarm. When police arrived, he fled on foot, but was quickly apprehended. Along the path of his flight, police found a backpack he had initially been seen wearing; the subject pistol, which was loaded; shoes; and a glove.

Defendant subsequently admitted to his intent to rob the store. He also told police that he had obtained the subject pistol in the break-in of a hotel room. He confessed that he and another male had been engaged in a series of hotel room break-ins, for which he faces pending state charges (among other pending state charges).

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the loaded status of the subject pistol, its intended use in a robbery, and defendant's flight from investigating officers; defendant's substantial criminal record for a person of his age (24 years), including 6 felony convictions, 13 misdemeanor convictions, 2 probation revocations, commission of 7 offenses while on probation (including all his felonies), and his prior service of 3 terms of incarceration without a cessation of criminal conduct; the danger of continued gun- and robbery-related offense conduct by

defendant if released; defendant's marijuana habit; the unsuitability of the proposed third-party custodial arrangement due to the presence of minors in the proposed custodial home and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lifelong residence in the Raleigh area. It finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 4th day of June 2012.

James E. Gates
United States Magistrate Judge